RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2004 SEP 29

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

PERFECTION FENCE CORP.,

    Plaintiff,

v.

FIBER COMPOSITES LLC,

    Defendant.

Civil Action No. _____

# 04   12094 GAO

MAGISTRATE JUDGE _____

## COMPLAINT AND JURY DEMAND

Perfection Fence Corp. ("Perfection") brings this civil action against Fiber
Composites, LLC ("Fiber").

### THE PARTIES

1.    Plaintiff Perfection is a Massachusetts corporation with its principal place
of business at 635 Plain Street, Route 139, Marshfield, MA 02050.  Perfection designs,
manufactures, distributes, and installs a wide array of fencing, outdoor structures
(including but not limited to arbors, pergolas, gazebos, summer houses, and bridges),
outdoor accessory items (including but not limited to trellises, sign frames, sign posts,
signs, lantern posts, lanterns, mailbox posts, and mailboxes), pillar posts, electronic gate
automation (and access control equipment), deck railings, decking, and other related
goods.

2.    On information and belief, Fiber is a Delaware Limited Liability Company
with its principal place of business at 34570 Random Drive, New London, NC 28127.
Fiber manufactures and distributes composite decking materials, including decking, deck
railings, and other decking materials of the same type as those sold by Plaintiff.

## JURISDICTION AND VENUE

3.      This is an action for trademark infringement and false designation of origin arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, for counterfeiting arising under the Anti-Counterfeiting Consumer Protection Act of 1996, 15 U.S.C. §1116(d), for cyber-squatting arising under the Anti-Cybersquatting Protection Act of 1999, 15 U.S.C. § 1125(d), and for unfair trade practices, unfair competition, breach of contract, and trademark dilution under state law. This Court has jurisdiction pursuant to 15 U.S.C. § 1125 and 28 U.S.C. §§ 1331, 1338, 1367.

4.      This Court has personal jurisdiction over Defendant. The infringing products are currently advertised in Massachusetts media and are for sale in numerous stores in Massachusetts. The infringing products are also advertised on an interactive website that can be reached from Massachusetts. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PLAINTIFF AND ITS RIGHTS IN THE MARKS PERFECTION® AND PERFECTION FENCE®

5.      Plaintiff is a family business, run by the Skulsky family. The Skulsky family has been in business since 1955. Their business consists of fencing, decking, and other related goods.

6.      Plaintiff adopted the trademarks PERFECTION® and PERFECTION FENCE® in 1993 when it incorporated as Perfection Fence Corp.

7.      Plaintiff filed for a federal trademark registration on the mark PERFECTION FENCE® on February 1, 2001, both as a typed drawing and as a stylized mark which includes a circle around the P. The registrations for both applications issued

827886.1

- 2 -

on May 14, 2002 on the principal register of the United States Patent and Trademark Office as Nos. 2,569,755 and 2,569,756. Those registrations are valid and subsisting to this day. Pages from the USPTO website reflecting these registrations are attached hereto as Exhibits 1 and 2.

8.    Plaintiff filed for a federal trademark registration on the mark PERFECTION® on July 10, 2002, and the registration issued on March 23, 2004 on the principal register of the United States Patent and Trademark Office as No. 2,826,042. The goods and services listed in the federal trademark registration for PERFECTION® include: "Non-metallic outdoor building materials, namely, fence railings, deck railings, gazebo railings, fencing, pillar posts, decks, deck rails, gazebos lamp posts, mail box posts, sign frames and trellises, namely, arbors and pergolas." That registration is valid and subsisting to this day. Pages from the USPTO website reflecting this registration are attached hereto as Exhibit 3.

9.    In addition to its federal trademark registration, Plaintiff has acquired common law trademark rights on the marks PERFECTION® and PERFECTION FENCE® for fences, pickets, guard rails, posts, gates, trellises, lanterns and lantern posts, as well as deck railings, decking, and other decking materials.

10.    Plaintiff's use of the marks PERFECTION® and PERFECTION FENCE® ("the Marks") has been continuous and substantial since 1993. All of Plaintiff's business is done under or in connection with these marks. Operating under the Marks, Perfection has achieved great success in its industry. Perfection has invested heavily in promoting the Marks and developing goodwill associated with them. In 2003, Perfection spent approximately $187,823 on advertising under the Marks, and in 2002,

Perfection spent approximately $187,653 on such advertising. Perfection advertises in numerous publications including Sweets Publications, Landscape Architecture and Specifier News, American Fence Association's "Architects, Specifiers & Landscape Architects Fence Product Guide," The Landscape Architect Trades, Remodeling News, Davidson's Blue Book – Fence Contractors, Suffolk Construction Today, Boston Magazine, Cape Cod Life, Boston Design, Cape & Islands Home, Greater Boston Builder/Architect, Condo Media, Condo Management, Verizon Yellow Pages, LocalTel Yellow Pages, The Yellow Book, Boston Home, Massachusetts Design Index, the Boston Globe, and Community Newspapers. Perfection also advertises on television shows including HomeVision TV and Welcome Home Showcase TV regionally, and Home and Garden TV and the Victory Garden nationally, and on WPLM 99.1, a radio station serving the Cape Cod and South Shore areas. Plaintiff appears frequently at trade shows, including American Fence Association's FenceTech, the National Association of Home Builders, American Society of Landscape Architects' National Show, New England Grows, American Society of Interior Designers, Builders Association of Greater Boston, Bayside Home Show, DeckExpo, Garden State Fence / Northeast Chapter of AFA trade show. Perfection also belongs to numerous trade associations, including the American Society of Landscape Architects, the American Fence Association, the American Society of Testing Materials, the National Association of Home Builders, the Builders Association of Greater Boston, the Boston Society of Architects, the Better Business Bureau, and the South Shore Chamber of Commerce. The Marks are also featured prominently on Plaintiff's websites, which include the domain names

perfectionfence.com, perfection-fence.com, buyarbors.com, vinyldeckrailings.com, vinylrailingsystems.com.

11.    Perfection sells products under the Marks nationwide. The Marks have acquired substantial secondary meaning, and are recognized in the industry as designating the source of origin of goods that are a leader in high-end fencing and decking products.

## DEFENDANT'S UNAUTHORIZED USE OF THE MARK PERFECTION AND OF A CONFUSINGLY SIMILAR MARK

12.    In August, 2002, Fiber filed a trademark application for the mark PERFECTION on a wood substitute, in the form of boards, rails, spindles, balusters, posts and moldings. On January 27, 2003, the trademark examiner issued an office action refusing registration under Section 2(d) of the Trademark Act for likelihood of confusion. The examiner wrote: "The examining attorney refuses registration ... because the applicant's mark, when used on or in connection with the identified goods, so resembles the marks in U.S. Registration Nos. 2569755 and 2569756 as to be likely to cause confusion, to cause mistake, or to deceive. ... The marks are virtually identical. The goods are very highly related. The similarities among the marks and the goods are so great as to create a likelihood of confusion among consumers." In August, 2003, Fiber's trademark application was ultimately deemed abandoned.

13.    In August, 2002, Fiber also filed a trademark application for the mark PRO PERFECT to cover the same categories of decking goods. That application is still pending in the U.S. Patent and Trademark Office.

14.     In June, 2003, Fiber filed a trademark application for the mark
PROFECTION COMPOSITE DECKING to cover the same categories of decking goods.
That application has not yet been published for opposition.

15.     On information and belief, Fiber has sold decking materials in
Massachusetts bearing the mark PERFECTION, identical to Plaintiff's mark
PERFECTION®.  In addition to using the same word PERFECTION as Plaintiff's mark
on the same sort of goods as those sold by Plaintiff, Defendant also included a circle
around one of the letters, moving it from the "P" in Plaintiff's mark to the "R" two letters
in.  Goods manufactured by Defendant and bearing the PERFECTION mark could be
purchased in Massachusetts at least as recently as April or May of 2004.

16.     In November, 2002, Fiber registered or caused to be registered the domain
name perfectiondecking.com, which incorporates Plaintiff's mark PERFECTION® along
with one of the categories of goods Plaintiff sells under that mark.

17.     In August, 2003, Fiber registered or caused to be registered the domain
name profectiondecking.com.

18.     On information and belief, Fiber has been advertising and promoting its
products at the domain name perfectiondecking.com at least since April, 2003, and
possibly longer.  Also on information and belief, Fiber has been advertising and
promoting the same products at the domain name profectiondecking.com at least since
December, 2003, and possibly longer.

19.     On versions of the website that appeared in 2003, Fiber's product is
referred to repeatedly as "Perfection™".

20.    On versions of the website appearing in 2004, although some instances of the mark PERFECTION have been replaced with the word PROFECTION, the mark PERFECTION continues to appear in the title bar of Defendant's website, as well as in the metatags and throughout the HTML source code for the website.

21.    Certain pages of Defendant's website presently label the company's product as PERFECTION. For example, the installation guide and warranty posted at <http://www.profectiondecking.com/installpg2.pdf> refer to the product as PERFECTION rather than PROFECTION.

22.    When the World Wide Web search engine Google is queried on the phrase "profection fence" the results begin with the question "Did you mean: *perfection* fence." Search engine query results on major search engines return Defendant's site among the top hits in searches on the term PERFECTION. For example, Defendant's site is the second result in a search on MSN Search for "perfection deck."

23.    On information and belief, Fiber has advertised its products sold under the marks PERFECTION and PROFECTION through radio and print publications in Massachusetts and elsewhere.

24.    Fiber was on notice of Perfection's use of the mark at least by virtue of Perfection's trademark registrations, which were provided to Fiber in January, 2003 as part of the Trademark Office's office action rejecting Fiber's application for the identical mark, as well as by Perfection's extensive advertising in the same industry as Fiber. Fiber admitted to actual notice of Perfection's use of the mark at the latest by February, 2004, when Fiber was an exhibitor at the Northeastern Retail Lumber Association Lumber and Building Materials Expo '04 trade show in Boston and met two

representatives of Perfection who were attending the trade show.  In fact, the President of

Fiber has known one of the Perfection founders for over 20 years and acknowledged

Perfection's success at this trade show.


## COUNT I

**(Trademark Infringement Under 15 U.S.C. § 1125(a) and
Common Law Relating to Defendant's Use of the Mark PERFECTION)**

22.     The allegations of the paragraphs above are restated and re-alleged as

though fully set forth herein.

23.     Perfection is the rightful owner of the Marks PERFECTION® and

PERFECTION FENCE®.

24.     In addition to its rights in PERFECTION® and PERFECTION FENCE®

at common law, Perfection is the owner of U.S. Federal Registration Nos. 2,569,755,

2,569,756, and 2,826,042.

25.     Without authorization from Plaintiff, Defendant has used and continues to

use the mark PERFECTION in connection with decking and other materials that are the

same as or related to those sold by Plaintiff.

26.     Defendant's past, present and ongoing actions constitute trademark

infringement of Plaintiff's PERFECTION® and PERFECTION FENCE® Marks by

using one or more marks that are likely to cause confusion, mistake and/or deception as

to source, sponsorship or affiliation, subjecting Defendant to liability under 15 U.S.C. §

1125 and the common law of Massachusetts.

27.     Defendant's infringing actions have damaged Plaintiff in an amount to be

determined at trial.

28.     Defendant's infringing actions will continue unless enjoined by this Court.

29.     Plaintiff has no adequate remedy at law, and will suffer irreparable harm to its business, reputation and goodwill unless Defendant's unlawful conduct is enjoined by this Court.

## COUNT II

### (Trademark Infringement Under 15 U.S.C. § 1125(a) and Common Law Relating to Defendant's Use of the Mark PROFECTION)

30.     The allegations of the paragraphs above are restated and re-alleged as though fully set forth herein.

31.     Without authorization from Plaintiff, Defendant used the mark PROFECTION in connection with goods that are the same as or related to those sold by Plaintiff.

32.     Defendant's past, present and ongoing actions constitute trademark infringement of Plaintiff's PERFECTION® and PERFECTION FENCE® Marks by using one or more marks that are likely to cause confusion, mistake and/or deception as to source, sponsorship or affiliation, subjecting Defendant to liability under 15 U.S.C. § 1125 and the common law of Massachusetts.

33.     Defendant's infringing actions have damaged Plaintiff in an amount to be determined at trial.

34.     Defendant's infringing actions will continue unless enjoined by this Court.

35.     Plaintiff has no adequate remedy at law, and will suffer irreparable harm to its business, reputation and goodwill unless Defendant's unlawful conduct is enjoined by this Court.

## COUNT III
### (Counterfeiting Under 15 U.S.C. § 1116(d))

36.    The allegations of the paragraphs above are restated and re-alleged as though fully set forth herein.

37.    The copies or colorable imitations of Plaintiff's PERFECTION® mark used by Defendant in connection with its business constitute counterfeits of Plaintiff's PERFECTION® mark under 15 U.S.C. § 1116(d).

38.    Defendant's counterfeiting has damaged Plaintiff.

## COUNT IV

### (False Designation of Origin Under 15 U.S.C. § 1125(a))

39.    The allegations of the paragraphs above are restated and re-alleged as though fully set forth herein.

40.    The marks PERFECTION and PROFECTION used by Fiber to sell its products constitute a false designation of origin pursuant to 15 U.S.C. § 1125(a), suggesting to consumers that Defendant's business is associated with or sponsored by Plaintiff.

41.    Defendant's unauthorized use of the marks PERFECTION and PROFECTION has a substantial effect on interstate commerce.

42.    Defendant's false designations of origin have been made in connection with goods from which it makes a profit.

43.    Defendant's false designations of origin are likely to cause confusion, mistake or deception as to the origin, sponsorship or approval (by Plaintiff) of the

827886.1

products sold by Defendant under the infringing mark(s), subjecting Defendant to liability under 15 U.S.C. § 1125(a).

44.    Plaintiff has been damaged by Defendant's false designations of origin in an amount to be determined at trial.

## COUNT V

**(Trademark Infringement Under the Anti-Cybersquatting Protection Act, 15 U.S.C. § 1125(d))**

45.    The allegations of the paragraphs above are restated and re-alleged as though fully set forth herein.

46.    Plaintiff's PERFECTION® and PERFECTION FENCE® Marks are strong, distinctive marks which have acquired substantial secondary meaning.

47.    PERFECTIONDECKING.COM and PROFECTIONDECKING.COM are deliberate misspelling of Plaintiff's Marks that are confusingly similar thereto.

48.    Defendant, for its own commercial gain, registered deliberate misspellings of Plaintiff's Marks to prey on the confusion and/or spelling errors of Internet users in search of Plaintiff's web site.

49.    Defendant registered PERFECTIONDECKING.COM and PROFECTIONDECKING.COM with a bad-faith intent to profit from Plaintiff's Marks.

## COUNT VI

**(State Dilution, Mass. Gen. Laws. Ch. 110B)**

50.    The allegations of the paragraphs above are restated and re-alleged as though fully set forth herein.

51.    By its above-described conduct, Defendant has engaged in trademark dilution and caused an injury and likely injury to Plaintiff's business reputation, all in violation of Massachusetts General Laws Chapter 110B, § 12.

52.    Plaintiff has been damaged by said conduct in an amount to be determined at trial, and is further entitled to injunctive relief therefor.

## COUNT VII

### (Unfair Trade Practices Under Mass. Gen. Laws. Ch. 93A)

53.    The allegations of the paragraphs above are restated and re-alleged as though fully set forth herein.

54.    Defendant are, and at all relevant times were, engaged in commerce.

55.    The center of gravity of Defendant's acts has been primarily and substantially in the Commonwealth of Massachusetts.

56.    By its above-described conduct, Defendant engaged in unfair or deceptive trade practices in violation of Mass. Gen. Laws. Ch. 93A § 11.

57.    Defendant's unfair and deceptive trade practices impact the public interest by causing consumer confusion.

58.    Defendant's unfair and deceptive trade practices have been willful and knowing.  Fiber was on actual notice of Plaintiff's rights in PERFECTION® and PERFECTION FENCE® before Defendant adopted and began using the marks PERFECTION and PROFECTION.

59.    Plaintiff has been damaged by said conduct of Defendant in an amount to be determined at trial.

## COUNT VIII

### (Common Law Unfair Competition)

60.    The allegations of the paragraphs above are restated and re-alleged as though fully set forth herein.

61.    By its above-described conduct, Defendant has engaged in unfair competition under the common law of Massachusetts.

62.    Plaintiff has been damaged by said conduct in an amount to be determined at trial.

63.    Defendant's infringing actions will continue unless enjoined by this Court.

64.    Plaintiff has no adequate remedy at law, and will suffer irreparable harm to its business, reputation and goodwill unless Defendant's unlawful conduct is enjoined by this Court.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court:

A.    Preliminarily and permanently enjoin Defendant, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from using the marks PERFECTION or PROFECTION, whether alone or in combination with other words or symbols, and from any further infringement, false designation of origin, unfair competition and unfair trade practices, with respect to Plaintiff's PERFECTION® and PERFECTION FENCE®, pursuant to 15 U.S.C. § 1125 or otherwise.

B.    Direct Defendant to pay Plaintiff its actual damages, any additional profits realized by Defendant, and the costs of this action pursuant to 15 U.S.C. § 1117(a), Mass. Gen. Laws Ch. 93A § 11, or otherwise.

C.    Enter judgment that Defendant's trademark infringement, false designation of origin, unfair competition and unfair trade practices have been knowing and willful.

D.    Direct Defendant to pay Plaintiff, pursuant to the Anti-Counterfeiting Consumer Protection Act of 1996, statutory damages in an amount not to exceed one million dollars ($1,000,000) per mark for each of Plaintiff's Marks a counterfeit of which Defendant has used in connection with its business, as authorized by 15 U.S.C. § 1117(c)(2).

E.    Award Plaintiff its attorney fees and costs in prosecuting this action, pursuant to 15 U.S.C. § 1117, Mass. Gen. Laws Ch. 93A § 11, or otherwise.

F.    Award Plaintiff treble damages pursuant to 15 U.S.C. § 1117(b), Mass. Gen. Laws Ch. 93A § 11, or otherwise.

G.    Order Defendant to transfer to Plaintiff the domain names perfectiondecking.com and profectiondecking.com, as well as any other domain names Defendant may have registered in connection with trademarks which are deceptively similar to those owned by Plaintiff.

H.    Order Defendant to pay for corrective advertising for the purpose of correcting consumers' mistaken impressions created by Defendant's infringing acts.

I.    Order the recall, impounding and destruction of all goods, advertising or other items bearing infringing markings, pursuant to 15 U.S.C. § 1118 or otherwise.

J.    Award Plaintiff such further relief as this Court may deem just and

necessary.

## JURY DEMAND

Perfection demands a trial by jury of all issues so triable.

PERFECTION FENCE CORP.

By its attorney,

Dated: September 29, 2004

Michael A. Albert, BBO # 558566
malbert@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646.8000 phone
(617) 720.2441 fax