UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PERFECTION FENCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> FIBER COMPOSITES LLC, <br><br> Defendant. | Civil Action No. 04-12094 GAO |

## ORIGINAL ANSWER OF DEFENDANT FIBER COMPOSITES LLC

Defendant Fiber Composites LLC ("Fiber") hereby responds to the Complaint filed by Plaintiff Perfection Fence Corp. ("PF"), as follows:

### THE PARTIES

1. Fiber lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and on that basis denies said allegations.

2. Fiber admits that it is a Delaware Limited Liability Company with its principal place of business at 34570 Random Drive, New London, NC 28127. Fiber admits that it manufactures and distributes composite decking materials, including decking, deck railings, and other decking materials. Fiber lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2, and on that basis denies said allegations.

### JURISDICTION AND VENUE

3. Fiber admits that PF has filed the instant action alleging: (1) trademark infringement under 15 U.S.C. § 1125(a) and the common law; (2) counterfeiting under 15 U.S.C. § 1116(d); (3) false designation of origin under 15 U.S.C. § 1125(a); (4) violation of the Anti-

Cybersquatting Consumer Protection Act under 15 U.S.C. § 1125(d); (5) state trademark dilution under Mass. Gen. Laws. Ch. 110B; (6) unfair trade practices under Mass. Gen. Laws. Ch. 93A; and (7) common law unfair competition. Fiber admits that this Court has jurisdiction pursuant to 15 U.S.C. § 1125 and 28 U.S.C. §§ 1331, 1338, 1367. Fiber denies the remaining allegations set forth in paragraph 3 of the Complaint.

4.     Fiber admits that this Court has personal jurisdiction over Fiber, and that venue is proper in this district. Fiber denies the remaining allegations set forth in paragraph 4 of the Complaint.

## FACTUAL ALLEGATIONS

5.     Fiber lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and on that basis denies said allegations.

6.     Fiber lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and on that basis denies said allegations.

7.     Fiber admits that according to the United States Patent and Trademark Office ("PTO") online database at *www.uspto.gov*, PF filed for a federal trademark registration for the mark PERFECTION FENCE and the mark PERFECTION FENCE and Design on February 1, 2001, and that registrations for both marks issued on the principal register of the PTO as Reg. Nos. 2,569,755 and 2,569,756 on May 14, 2002 covering: Metal fencing, namely, guard rails, boards, posts, gates, fence sections and metal fence hardware, namely, screws and fasteners; and non-metal, wood or plastic fencing, namely, guard rails, boards, posts, gates, fence sections,

hardware for fencing, namely, screws and fasteners. Fiber lacks knowledge or information sufficient to form a belief as to the truth of the allegation that these registrations are presently valid and subsisting to this day, and on that basis denies said allegations. Fiber denies the remaining allegations set forth in paragraph 7 of the Complaint.

8.  Fiber admits that according to PTO's online database at *www.uspto.gov*, PF filed for a federal trademark registration for the mark PERFECTION on July 10, 2002 and that a registration for that mark issued on the principal register of the PTO as Reg. No. 2,826,042 on March 23, 2004 covering: Non-metallic outdoor building materials, namely, fence railings, deck railings, gazebo railings, fencing, pillar posts, decks, deck rails, gazebos lamp posts, mail box posts, sign frames and trellises, namely, arbors and pergolas. Fiber lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the registration is presently valid and subsisting to this day, and on that basis denies said allegations. Fiber denies the remaining allegations set forth in paragraph 8 of the Complaint.

9.  Fiber lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and on that basis denies said allegations.

10. Fiber lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and on that basis denies said allegations.

11. Fiber lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and on that basis denies said allegations.

12. Fiber admits that in August 2002, it filed with the PTO a trademark application for the mark PERFECTION covering: Combination plastic and wood material used as a wood substitute, in the form of boards, rails, spindles, balusters, posts and moldings. Fiber admits the remaining allegations set forth in paragraph 12 of the Complaint.

13. Fiber admits that in August 2002, it filed with the PTO a trademark application for the mark PRO PERFECT covering: Combination plastic and wood material used as a wood substitute, in the form of boards, rails, spindles, balusters, posts and moldings and that no trademarks owned by PF were cited by the PTO against this application. Fiber admits the remaining allegations set forth in paragraph 13 of the Complaint.

14. Fiber admits that in June 2003, it filed with the PTO a trademark application for the mark PROFECTION COMPOSITE DECKING and Design covering: Combination wood and plastic material used as a wood substitute, in the form of boards, rails, spindles, balusters, posts and moldings and that no trademarks owned by PF were cited by the PTO against this application. Fiber denies the remaining allegations set forth in paragraph 14 of the Complaint.

15. Fiber admits that it has sold, in the past and for a brief period of time from October 2002 through September 2003, composite decking products bearing the name PERFECTION in Massachusetts. Fiber denies the remaining allegations set forth in paragraph 15 of the Complaint.

16. Fiber admits that in November 2002, it registered or caused to be registered the domain name perfectiondecking.com. Fiber lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 16 of the Complaint, and on that basis denies said allegations.

17. Admitted.

18. Fiber lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and on that basis denies said allegations.

19. Fiber lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 19 of the Complaint, and on that basis denies said allegations.

20. Fiber admits that the perfectiondecking.com and profectiondecking.com websites for some period of 2004 contained the word "perfection" in the title bar, metatags and HTML source code for the websites.

21. Fiber admits that for some period of 2004 an installation guide on perfectiondecking.com and profectiondecking.com used the PERFECTION name. Fiber denies the remaining allegations of paragraph 21 of the Complaint.

22. Fiber lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, and on that basis denies said allegations.

23. Fiber admits that its composite wood decking products have, in the past and for a brief period of time, been advertised under the PERFECTION name in print publications in Massachusetts and elsewhere. Fiber admits that its composite wood decking products have been advertised under the PROFECTION and PROFECTION COMPOSITE DECKING and Design marks on the radio and in print publications in Massachusetts and elsewhere. Fiber denies the remaining allegations of paragraph 23 of the Complaint.

24. Fiber admits that it was aware of PF's Registration Nos. 2,569,755 and 2,569,756 for PERFECTION FENCE and PERFECTION FENCE and Design after the registrations were cited against Fiber's application for PERFECTION in January 2003. Fiber admits that it exhibited its FIBERON and FIBERAIL products at the Northeastern Retail Lumber Association Lumber and Building Materials Expo '04, and that representatives of PF visited Fiber's exhibition booth. Fiber admits that it met Mr. Charles Skulsky of PF over ten years ago, but that it has had no interaction with PF since that time. Fiber denies the remaining allegations set forth in paragraph 24 of the Complaint.

## COUNT I

### (Trademark Infringement Under 15 U.S.C. § 1125(a) and Common Law Relating to Defendant's Use of the Mark PERFECTION)

COUNT I   22.   Fiber restates its answers to each of the above paragraphs of the Complaint and incorporates them herein by reference.

COUNT I   23.   Fiber lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 under Count I of the Complaint, and on that basis denies said allegations.

COUNT I   24.   Fiber admits that according to the PTO's online database at *www.uspto.gov*, PF is listed as the owner the federal trademark registrations for U.S. Federal Registration Nos. 2,569,755, 2,569,756, and 2,826,042. Fiber lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 24 under Count I of the Complaint, and on that basis denies said allegations.

25. Fiber admits that it has, in the past and for a brief period of time, used the name PERFECTION in connection with composite wood decking products. Fiber denies the remaining allegations set forth in paragraph 25 of the Complaint.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## COUNT II

### (Trademark Infringement Under 15 U.S.C. § 1125(a) and Common Law Relating to Defendant's Use of the Mark PROFECTION)

30. Fiber restates its answers to each of the above paragraphs of the Complaint and incorporates them herein by reference.

31. Fiber admits that it has used the mark PROFECTION and PROFECTION COMPOSITE DECKING and Design in connection with composite wood decking products. Fiber denies the remaining allegations set forth in paragraph 31 of the Complaint.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT III

### (Counterfeiting Under 15 U.S.C. § 1116(d))

36. Fiber restates its answers to each of the above paragraphs of the Complaint, and incorporates them herein by reference.

37. Denied.

38. Denied.

## COUNT IV

### (False Designation of Origin Under 15 U.S.C. § 1125(a))

39. Fiber restates its answers to each of the above paragraphs of the Complaint, and incorporates them herein by reference.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## COUNT V

### (Trademark Infringement Under the Anti-Cybersquatting Protection Act, 15 U.S.C. § 1125(d))

45. Fiber restates its answers to each of the above paragraphs of the Complaint, and incorporates them herein by reference.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT VI

### (State Dilution, Mass. Gen. Laws. Ch. 110B)

50. Fiber restates its answers to each of the above paragraphs of the Complaint, and incorporates them herein by reference.

51. Denied.

52. Denied.

## COUNT VII

### (Unfair Trade Practices Under Mass. Gen. Laws. Ch. 93A)

53. Fiber restates its answers to each of the above paragraphs of the Complaint, and incorporates them herein by reference.

54. Fiber lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint, and on that basis denies said allegations.

55. Fiber lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint, and on that basis denies said allegations.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## COUNT VIII

### (Common Law Unfair Competition)

60. Fiber restates its answers to each of the above paragraphs of the Complaint, and incorporates them herein by reference.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

### FIRST AFFIRMATIVE DEFENSE

PF fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

PF's claims are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

PF is estopped by its own conduct from recovering relief against Fiber.

### FOURTH AFFIRMATIVE DEFENSE

PF's claims are barred by the doctrine of acquiescence.

### FIFTH AFFIRMATIVE DEFENSE

PF's marks are laudatory, descriptive and have not acquired secondary meaning, and are therefore incapable of acting as a source-identifier for PF's goods.

### SIXTH AFFIRMATIVE DEFENSE

PF's marks are not famous.

## SEVENTH AFFIRMATIVE DEFENSE

Fiber's marks are not likely to cause confusion, mistake or deception with PF or PF's marks.

## EIGHTH AFFIRMATIVE DEFENSE

PF's marks are not distinctive and were not distinctive at the time the perfectiondecking.com and profectiondecking.com domain names were registered.

## NINTH AFFIRMATIVE DEFENSE

Fiber has not used any mark that is identical with or substantially indistinguishable from a mark owned by PF and which was registered at the time of Fiber's use.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38, Fiber hereby demands on its Answer and Affirmative Defenses a jury trial on all issues so triable.

Dated: October 21, 2004

*/s/ Amy Brosius*
John R. Skenyon (BBO # 465440)
Amy L. Brosius (BBO # 656521)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Fax: (617) 542-8906

Attorneys for Defendant
Fiber Composites LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing ORIGINAL ANSWER OF DEFENDANT FIBER COMPOSITES LLC was served by first class mail, postage prepaid, upon counsel of record on this 21st day of October, 2004:

Michael A. Albert, Esq.
Wolf, Greenfield & Sacks, P.C.
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

_____
Amy L. Broslus

20958457.doc