IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PERFECTION FENCE CORP.,<br><br>Plaintiff,<br><br>v.<br><br>FIBER COMPOSITES, LLC,<br><br>Defendant. | CIVIL ACTION NO. 04-12094 GAO |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

The parties agree that discovery in this Litigation (captioned above) will involve the disclosure of confidential materials and therefore agree to the following protective order under Rule 26 of the Federal Rules of Civil Procedure.

Third parties who are involved in discovery in this Litigation may also utilize the terms of this protective order.

All individuals who agree to be bound by this protective order and the parties to this Litigation agree to be subject to the jurisdiction of the Court for purposes of enforcing this order.

1. <u>Designated Material.</u>  Any documents, materials, items, testimony or information filed with the Court, or produced or provided by any party ("Designating Party") in connection with this Litigation, may be designated as "Confidential" or "Confidential – Attorneys Only." All such information and material derived from the Designating Party constitutes "Designated Material" under this order.

2. Each party shall designate its material in good faith.  As a general guideline, Designated Material shall be so designated, for the purposes of protecting proprietary information, confidential business or financial information, or trade secrets relating to the Designating Party's business or financial affairs.  Designated Material may include financial

data, development, production or supply arrangements or agreements, customer lists, product development information, manufacturing methods, marketing strategy or other trade secrets.

3. Designated Material shall be used by the persons or entities to whom such information is disclosed solely for purposes of this Litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided in this Protective Order.  A party receiving Designated Material under this Order shall be referred to as the "Receiving Party."  A party objecting under any of the objection provisions in this Order shall be referred to as the "Objecting Party."  A party producing material under this Order shall be referred to as the "Producing Party."

4. <u>Access to Material Designated "Confidential."</u> Material designated "Confidential," and copies, extracts, compilations, and summaries of such Designated Material, as well as the information therein, may be given, shown, made available to or communicated in any way only to:

    (a)    one employee for each party, whose name and title is identified below:

    For Perfection Fence:  Bryan Skulsky, President

    For Fiber Composites:  Douglas G. Mancosh, President,

    (b)    individuals to whom material designated "Confidential – Attorneys Only" may be disclosed under Paragraph 5 below.

5. <u>Access to Material Designated "Confidential-Attorneys Only."</u> Material designated "Confidential-Attorneys Only," and copies, extracts and compilations of such designated material, may be given, shown, made available to, or communicated in any way only to:

    (a)    outside attorneys at the law firms that have appeared for a party in this Litigation, and persons working solely in secretarial, clerical, and paralegal capacities and who are assisting those attorneys in this action;

    (b)    qualified persons taking testimony involving "Confidential-Attorneys Only" information, and necessary stenographic and clerical personnel thereof;

(c) independent consultants or experts and their staffs subject to Section 6 of this Protective Order;

(d) the Court and the Court's staff;

(e) an arbitrator or mediator agreed upon by the parties to render professional services in the Litigation.

Nothing in this Order shall bar or otherwise restrict any attorney authorized under 4(a) to receive Designated Material from rendering legal advice to its client with respect to this Litigation referring to or relying upon the attorney's examination of "Confidential-Attorneys Only" information; provided, however, that in rendering such legal advice and in otherwise communicating with the client, the attorney shall not disclose the contents or source of any "Confidential-Attorneys Only" information.

6. <u>Clearance Procedure.</u> The procedure for providing "Confidential – Attorneys Only" material to individuals described in Paragraphs 5(c) and 5(e) shall be as follows:

(a) For each individual, the party seeking to disclose such information shall, before such disclosure, provide by facsimile and by e-mail to the Designating Party the following:

(i) the name of the person;

(ii) the present employer and title of the person and their resume;

(iii) a signed, written acknowledgment as shown in Exhibit A.

(b) Within seven calendar (7) days of receipt of the information and written acknowledgement described in subparagraph 6(a), the Designating Party may object to the disclosure of Designated Material to the Proposed Recipient by serving a written objection by facsimile and by e-mail. The parties shall confer to try to resolve the objection. If the parties are unable to do so, the Objecting Party shall request relief from the Court that disclosure to the Proposed Recipient not be permitted, if facts available to

3

        the Objecting Party give it reason to believe that there is an unreasonable risk that the Proposed Recipient may use designated information for purposes other than the preparation or trial of this case.  Such a request to the Court must be made and the interested parties notified by facsimile and e-mail within ten calendar days (10) of service of the Objecting Party's written objection; otherwise, the objection is deemed waived.  Service of the written objection shall stay disclosure to the proposed recipient, pending the parties' resolving the objection or the Court's ruling on the Objecting Party's request, if any.

(c)    Consultants under Paragraph 5(c) shall not be current or former officers or directors of a party, current employees of a Party, or independent contractors or consultants providing services to a party during the term of this Litigation on any other matter not related to this Litigation.

7.    <u>Errors in Designation.</u>  A Producing Party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production shall make a correction.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately designated.  Those individuals who reviewed the documents or information prior to notice of the failure to designate by the Producing Party shall, to the extent reasonably feasible, return to outside counsel or destroy all copies of such undesignated documents and shall subsequently honor the provisions of this Order with respect to the use and disclosure of any confidential information contained in the undesignated documents.

8.    <u>Improper Disclosure.</u>  If information designated pursuant to this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for this disclosure must immediately bring all pertinent facts relating to such improper disclosure to the attention of all interested parties, without intentionally creating prejudice to other rights and remedies of the Designating Party, and shall make every effort to prevent further improper disclosure.

9. <u>Objections to Designations.</u>  If at any time during the pendency of this Litigation any party claims that information is inappropriately designated, the Objecting Party may identify in writing by facsimile the items as to which the designation is challenged, state the basis for each challenge and propose a new designation for each item.  If the parties are unable to resolve the dispute within 10 calendar days, the Objecting Party may move for relief with the Court.

10. <u>Use of Designated Material.</u>  Designated Material may be used as part of any discovery event, including but not limited to depositions, as long as the confidential nature of the information is maintained.  If a party seeks to introduce a document or information designated as "Confidential" or "Confidential – Attorneys Only" into evidence at trial or at any other public proceeding, that party shall promptly inform the Court of the confidential nature of the information and request that only the jury, Court personnel, and those persons permitted access to such information under this Protective Order be present during the presentation of such evidence.  When filed with the Court, Designated Material shall be delivered to the Clerk of the Court under seal and shall not be available to public inspection.  Envelopes or containers used to seal such documents shall bear the notation "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION AND IS BEING SUBMITTED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER."  The envelope or container shall bear the additional notation "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY."  The material in such sealed envelope or container shall not be provided to any individual not otherwise permitted to view the relevant Designated Material under this Protective Order.

11. <u>Limitations.</u>  Notwithstanding any other provision of this Protective Order to the contrary, the confidentiality obligations of this Protective Order shall not apply or shall cease to apply to any information that:

(a) at the time of disclosure, was already in the public domain by publication or otherwise;

(b) since the time of disclosure, has become, through no act or failure on the part of the Receiving Party, part of the public domain by publication or otherwise;

    (c) at the time of disclosure, was already in the possession of the Receiving Party and was not acquired directly or indirectly from the Producing Party or from any third party under obligation of confidence to the Producing Party;

    (d) after disclosure, was acquired by the Receiving Party from a third party lawfully possessing the same and having no obligation of confidence to the Producing Party hereunder; or

    (e) the Disclosing Party agrees may be disclosed to a third party under no obligation of confidentiality.

  The party claiming that he or she is relieved of the obligations of this Order by operation of any of the paragraphs 11(a)-(e) shall have the burden of proving that any of the provisions of paragraphs 11(a)-(e) apply.

  12. <u>Inadvertent Production.</u> Counsel shall make reasonable efforts to identify materials protected by any applicable privilege or immunity, including the attorney-client privilege or the work product doctrine, prior to the disclosure of any such materials. The inadvertent production of any information, document or thing shall be without prejudice to any claim that such material is protected from discovery, and no Producing Party shall be held to have waived any rights thereunder by inadvertent production. If a Producing Party discovers that materials protected by any applicable privilege or immunity have been inadvertently produced, counsel for the Producing Party shall promptly give notice to counsel for the Receiving Party and those documents identified shall be considered privileged and shall be treated as though they had not been produced. The Receiving Party may afterward contest such claims of privilege or work product as if the materials had not been produced, but shall not assert that a waiver occurred as a result of the production.

  13. <u>Final Disposition.</u> Upon termination of this Litigation following settlement or final judgment (including exhaustion of all appeals), the originals and all copies of Designated Material and/or information shall be either destroyed or turned over to the Producing Party, or to their respective counsel, within sixty (60) days. However, retained outside trial counsel may

retain pleadings, attorney and consultant work product, and depositions (with exhibits) for archival purposes.  If Designated Material and/or information is destroyed pursuant to this Paragraph, counsel shall provide to opposing counsel a certification identifying when and how the destruction was performed.

    14.    <u>Survival.</u>  The terms of this Protective Order shall survive termination of this Litigation.

| PERFECTION FENCE CORP., | FIBER COMPOSITES, LLC |
|---|---|
| By its attorneys, | By its attorneys, |
|   |   |
|     Michael A. Albert |     Stacy Grossman |
| Date:  July 8, 2005 | Date:  July 8, 2005 |
| Michael A. Albert, BBO #558566 | Jack Skenyon, BBO #465440 |
| malbert@wolfgreenfield.com | skenyon@fr.com |
| Laura Topper, BBO #652364 | Jolynn M. Lussier, BBO #564636 |
| ltopper@wolfgreenfield.com | lussier@fr.com |
| Adam Kessel, BBO #661211 | Stacy Grossman (pro hac admission) |
| akessel@wolfgreenfield.com | grossman@fr.com |
| WOLF, GREENFIELD & SACKS, P.C. | FISH & RICHARDSON P.C. |
| 600 Atlantic Avenue | 225 Franklin Street |
| Boston, Massachusetts 02210 | Boston, MA 02110 |
| Tel:  617.646.8000 | Tel:  617.542.5070 |
| Fax:  617.646.8646 | Fax:  617.542.8906 |

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PERFECTION FENCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FIBER COMPOSITES, LLC,<br><br>Defendant. | CIVIL ACTION NO. 04-12094 GAO |

## ACKNOWLEDGEMENT RELATING TO PROTECTIVE ORDER

I, _____, declare:

1. My address is _____. My present occupation is _____.

2. A current copy of my resume is attached to this Acknowledgement.

3. I have received a copy of the Stipulated Protective Order ("Protective Order") in this action. I have carefully read and understand the provisions of this Protective Order.

4. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use, except for purposes of this action, any information designated "**CONFIDENTIAL**" or "**CONFIDENTIAL – ATTORNEYS ONLY**" that I receive in this action, and I will destroy all Designated Material that I may receive under this order within 60 days of the termination of the litigation (including exhaustion of appeals).

I declare under penalty of perjury that the foregoing is true and correct.

8

Executed this _____ day of _____, _____, at _____.

                                                                                        _____
                                                                                        Signature