IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PERFECTION FENCE CORP.,<br>        Plaintiff,<br>v.<br>FIBER COMPOSITES, LLC,<br>        Defendant. | CIVIL ACTION NO. 04-12094 GAO |

**PERFECTION'S MEMORANDUM IN SUPPORT OF
<u>ITS MOTION FOR A PROTECTIVE ORDER</u>**

Plaintiff Perfection Fence Corp. ("Perfection") moves pursuant to Fed. R. Civ. P. 26(c) for a protective order to limit the duration of the deposition of its President to one seven hour day, as required by Fed. R. Civ. P. 30(a)(2)(B) and 30(d)(2). Defendant Fiber Composites, LLC ("Fiber") has noticed three separate depositions of the same person. Two of these deposition notices were served on Perfection as a corporation pursuant to Fed. R. Civ. P. 30(b)(6), the other on Perfection's President, Bryan Skulsky. Perfection's 30(b)(6) witness for all noticed topics is Mr. Skulsky.

The issues in this case are not complex. There is no legitimate reason for Fiber to question Mr. Skulsky for twenty-one hours on three separate occasions. Fiber's three deposition notices are intended to run up Perfection's costs, harass Perfection and Mr. Skulsky, and to disrupt Mr. Skulsky's business operations in the middle of Perfection's busiest season. Fiber should not be permitted to circumvent the Federal Rules by ignoring the requirement to seek leave prior to noticing multiple depositions of the same entity, and thus the Court should grant a protective order limiting Fiber to one deposition of Mr. Skulsky.

**I.    BACKGROUND**

This is a trademark infringement case. Over a twelve year period, Perfection acquired common law rights and three federal trademark registrations for its marks PERFECTION and

PERFECTION FENCE.  Compl. (Docket #1) at 2-3.  Perfection uses its marks in connection with a variety of outdoor goods, including fencing, decking, and deck railing.  (Id.).  In October 2002, Fiber began selling decking under a mark identical to one of Perfection's registered marks.  Def.'s Opp. to Pl.'s Mot. for a Prelim. Inj. (Docket #16) at 3.  In January 2003, Fiber's attempt to register the identical mark was rejected by the Trademark Office on the basis of Perfection's prior use and registration.  Id. at 4.  Fiber did not change its mark, however, for many months thereafter.  Id.  Even then, it made only a one-letter modification to the mark.  Id.

Perfection filed this lawsuit in September 2004, shortly after it became aware of Fiber's infringing activities.  (Docket #1).  Perfection moved for a Preliminary Injunction in October 2004.  (Docket #7).  This Court held a hearing on that motion in January 2005, and in February granted Perfection's Motion, enjoining Fiber from using the marks PERFECTION, PROFECTION, or any other confusingly similar trademark.  Perfection Fence Corp. v. Fiber Composites, LLC, 74 U.S.P.Q. 2d 1369 (D. Mass. 2005).  Perfection served its Rule 26(a) initial disclosures on Fiber on March 25, 2005, and Fiber served its initial disclosures on April 21, 2005.  The parties have also exchanged interrogatory responses and documents, and on July 19, 2005, this Court held a scheduling conference and approved the parties' proposed joint scheduling order.  (Docket #39).

On July 13, 2005, shortly before the scheduling conference, Fiber served two notices of deposition pursuant to Fed. R. Civ. P. 30(b)(6) on Perfection.  (Ex. 1).  The first notice ordered Perfection to produce a witness for a deposition commencing at 9:00am on July 26, 2005 that would "continue from day to day thereafter until completed."  The second notice ordered Perfection to produce a witness on August 24, 2005, also continuing from day to day until complete.  The parties have since agreed that the July 26 deposition will be rescheduled, but have been unable to agree on any new dates since the parties dispute the total number of depositions.

On July 22, 2005, Fiber served another notice of deposition on Perfection's President, Bryan Skulsky, ordering him to appear on August 30, 2005, also continuing from day to day until complete. (Ex. 2). Fiber also noticed full day depositions of three Perfection employees (Ex. 3), the spouse of another employee (Ex. 4), and has served two third-party subpoenas on Perfection's supplier of raw materials (Ex. 5).[1]

On July 19, 2005, Perfection's counsel wrote to Fiber's counsel, objecting to Fiber's attempt to depose the same entity (Perfection) multiple times. (Ex. 6). Fiber responded on July 21, 2005, reiterating its demand that Perfection appear for two depositions, and indicating that Perfection "must move for a protective order before the Court." (Ex. 7).[2] After Fiber served its second round of deposition notices, Perfection responded again on July 25, 2005, designating Mr. Skulsky as its 30(b)(6) witnesses and reasserting its objection that the Federal Rules do not permit a party to depose the same person twice (much less three times) without leave of court. (Ex. 8). In the spirit of compromise, Perfection offered to discuss the matter again in good faith after Fiber has had the opportunity to depose Mr. Skulsky for one day.

---

[1] Fiber's deposition subpoena on Perfection's materials supplier, Homeland Vinyl Products ("Homeland"), is further evidence of its attempt to harass Perfection and unnecessarily run up costs in this suit. Homeland has nothing to do with the trademark issues in this case. See Perfection v. Fiber, 74 U.S.P.Q. 2d at 1371 (noting that Perfection sells decking manufactured by Homeland under Perfection's own mark). Moreover, Fiber explicitly told Homeland's counsel that it needed to review Homeland's document production from Fiber's first subpoena on Homeland in order to determine whether a deposition would be necessary. Even before receiving Homeland's document production, however, Fiber noticed that deposition. Fiber cannot have believed in good faith that it needed that deposition since it had not yet reviewed the documents that it had claimed would determine if a deposition was needed.

[2] Fiber also intimated in its July 21 letter (Ex. 7) that Perfection strategically omitted reference to its objections to Fiber's multiple deposition notices at the scheduling conference before the Court, claiming that Perfection could have raised the issue but instead "weakly said nothing." Fiber's accusation is without merit. Fiber served its two 30(b)(6) deposition notices just one week before the conference. (Ex. 1). Under the Federal and Local Rules, Perfection has a duty to attempt to resolve discovery disputes in good faith between the parties before involving the Court. Fed. R. Civ. P. 26(c); L.R. 37.1(a). It has made several attempts to do just that. Fiber's theory that all disputes should be aired before the Court at the earliest possible opportunity would undermine L.R. 37.1(a) and lead to excessive judicial burdens. Moreover, Fiber's deposition notice of Bryan Skulsky, also at issue here, was not served until July 22, three days after the scheduling conference, so there has yet been no opportunity to air this issue before the Court.

On August 2, 2005, Fiber responded, indicating that it "[would] not yield[,]" and continued to insist that it was entitled to three days of deposition with Mr. Skulsky. (Ex. 9). Pursuant to Fed. R. Civ. P. 26(c) and Local Rule 37.1(a), Perfection made a final attempt to resolve the issue in two telephone conferences held on August 9, 2005, lasting approximately twenty minutes. Participating in the conference were Perfection's counsel Adam Kessel and Laura Topper, and Fiber's counsel Stacy Grossman. The parties were unable to reach an agreement.

II. **ARGUMENT**

    A. **The Federal Rules Limit Discovery to
One Deposition Per Person or Corporation**

The plain language of the Federal Rules states that "[a] party must obtain leave of court…if, without the written stipulation of the parties…the person to be examined already has been deposed in the case[.]" Fed. R. Civ. P. 30(a)(2)(B). Further, "a deposition is limited to one day of seven hours." Fed. R. Civ. P. 37(d). A second Rule 30(b)(6) deposition notice to the same entity, served without leave of court, is invalid. Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 192 (1st Cir. 2001) ("Because this second Rule 30(b)(6) subpoena was issued to GEAE without leave of the court, it was invalid."). The rule is clear in the First Circuit that this limitation applies to corporate deponents, such as Perfection, as well as individuals. Id. See also Innomed Labs, LLC v. Alza Corporation, 211 F.R.D. 237 (S.D.N.Y. 2002) (applying deposition limit to a corporate entity pursuant to Rule 30(b)(6)); Sunny Isle Shopping Center, Inc. v. Xtra Super Food Centers, Inc., 2002 WL 32349792 (D.V.I. July 24,

2002) (same). Thus, Fiber was required to seek leave before serving its second notice of deposition on Perfection.³

Even if Fiber had complied with the Rule—which it did not—and sought leave of court, that motion should have been denied. Multiple depositions of the same person or entity are strongly disfavored. As explained in Cuthbertson v. Excel Industries, Inc., 179 F.R.D. 599, 604-605 (D. Kan. 1998):

> [T]he court will generally not require a deponent to appear for a second deposition absent some showing of a need or good reason for doing so. … Scheduling a second deposition of the same person without a showing of good reason will generally support a finding of annoyance and undue burden or expense. … The court rarely grants the opportunity for a second deposition.

(internal citations and quotations omitted.) See also Bonnie & Company Fashions, Inc. v. Bankers Trust Company, 945 F.Supp. 693, 732-33 (S.D.N.Y. 1996) (refusing to allow second deposition when plaintiffs had already "extensively interrogated" the party sought to be re-deposed).

This is clearly not a case where "good reason" exists for a second—or third—deposition of the same person. Generally, good reason exists "where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition," see Boston Scientific Corporation v. Cordis Corporation, 2004 WL 1945643 (N. D. Cal., Sept. 1, 2004), or where a party against whom discovery is sought has amended its pleading to introduce additional facts and claims raising new questions after a first deposition has taken place, see Collins v. International Dairy Queen, 189 F.R.D. 496 (M. D. Ga. 1999). Since Fiber has not even taken Perfection's deposition for one day, these conditions obviously cannot apply.

---

³ Presumably, because Fiber's second notice of deposition was invalid, Perfection is not required to attend that deposition. Fiber erroneously assumes the burden is on Perfection to seek relief from this Court. (Ex. 7). Perfection files this Motion in an abundance of caution in order to establish that it is only required to attend one deposition.

- 5 -

Fiber has more than sufficient time to prepare all questions relating to this case prior to a single day of deposition with Perfection's President. Fed. R. Civ. P. 26(b)(2)(ii) (further discovery improper where "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought."). One day of deposition will also be sufficient to ask these questions, as this is not a highly technical or complex case. Perfection has already indicated that it will negotiate in good faith with Fiber if further discovery is necessary after one day of deposition. Perfection has also cooperated with Fiber in its interrogatory responses and document production. Fiber should at least make an effort to complete its deposition in one day, as required by the Rules. Fiber's preemptive attempt to depose Mr. Skulsky for three days is simply an attempt to evade the seven hour limit of Fed. R. Civ. P. 30(d)(2) and to run up Perfection's costs based on a theoretical (and unrealistic) concept about how much time it will need for deposition.[4]

### B. Because Fiber Failed to Seek Leave of Court Before Serving Multiple Notices of Deposition, Leave Should Be Denied.

Fed. R. Civ. P. 30(a)(2)(B) makes clear that Fiber would have needed leave of court to depose Perfection multiple times. Because Fiber failed to comply with this rule, any attempt to seek leave of court now should be denied. See Innomed Labs, 211 F.R.D. at 240 ("Courts within this district have routinely denied motions seeking leave to re-depose a party for failure to comply with Rule 30(a)(2)(B)."); Traina v. Blanchard, 1998 WL 178762, *4 (E. D. La. Apr. 15, 1998) (granting motion for protective order where party seeking second deposition failed to first seek leave of court); Bonnie & Company Fashions, Inc. v. Bankers Trust Company, 170 F.R.D. 111, 119 (S.D.N.Y. 1997) ("This Court thus found a redeposition to be inappropriate because of

---

[4] Fiber, being in the same industry as Perfection, is no doubt aware that August and September are among the busiest months for sales of outdoor goods. Mr. Skulsky is involved in every detail of the day-to-day management of Perfection, and requiring him to set aside three days for deposition and significant time for preparation is clearly intended to harass Mr. Skulsky and disrupt his business.

plaintiffs' violation of Rule 30(a)(2)(B) …"); Pkfinans International Corporation v. IBJ Schroder Leasing Corporation, 1996 WL 591213, *2 (S.D.N.Y. Oct. 15, 1996) ("IBJ did not seek leave of the Court prior to subpoenaing Mr. Karesh and Ms. Levi for second depositions. Accordingly, plaintiff's application to quash the subpoenas, to the extent the subpoenas seek second depositions, is granted.").

Fiber had ample opportunity to seek leave of court before Perfection was forced to file this Motion, and should not now benefit from its attempt to circumvent the Rules.

### C. Fiber's Third Deposition of Perfection's President Is Also Barred By The Rules, Intended to Harass and Unduly Burdensome

Fiber's additional notice of deposition on Perfection's President and designated 30(b)(6) witness, Bryan Skulsky, represents an attempted third deposition of the same person. Perfection is a family business, owned by Mr. Skulsky and his brother and father. Mr. Skulsky is Perfection's principal decision-maker. As such, there is no distinction between Mr. Skulsky's knowledge "as an individual," and his knowledge as a 30(b)(6) witness. In this straightforward trademark case, seven hours should be more than enough to inquire into his knowledge (in either capacity).

Fiber should not be permitted to further evade Rules 30(a)(2)(B) and 37(d)(2) by styling its notice of deposition as an individual deposition, where the deponent (and presumably the topics) will be the same as Perfection's 30(b)(6) witness on all noticed topics. See In re: Blackstone Partners, L.P. v. Blackstone Partners, L.P., 2005 WL 1560505, *3 (S.D.N.Y. June 1, 2005) (affirming order quashing subpoena on individual employees where corporation had already been deposed under Rule 30(b)(6)).

**III.     CONCLUSION**

For the above reasons, Perfection's Motion should be granted and Fiber should be precluded from deposing Perfection's President and 30(b)(6) witness, Bryan Skulsky, for more than one seven hour day.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | PERFECTION FENCE CORP. |
|  | By its counsel, |
| Dated: August 9, 2005 | ___Michael A. Albert_____ <br> Michael A. Albert, BBO # 558566 <br> malbert@wolfgreenfield.com <br> Laura E. Topper, BBO # 652364 <br> ltopper@wolfgreenfield.com <br> Adam J. Kessel, BBO # 661211 <br> akessel@wolfgreenfield.com <br> WOLF, GREENFIELD & SACKS, P.C. <br> 600 Atlantic Avenue <br> Boston, Massachusetts 02210 <br> (617) 646.8000 Phone <br> (617) 646.8646 FAX |