UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PERFECTION FENCE CORP., <br><br>      Plaintiff, <br><br>v. <br><br>FIBER COMPOSITES LLC, <br><br>      Defendant. | Civil Action No. 04-12094 GAO |

### DEFENDANT FIBER COMPOSITES LLC'S FIRST NOTICE OF DEPOSITION OF PLAINTIFF PERFECTION FENCE CORP. PURSUANT TO FED.R.CIV.P. 30(b)(6)

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Fiber Composites LLC ("Fiber Composites") will take the deposition of Plaintiff Perfection Fence Corp. ("Perfection Fence") on July 26, 2005 beginning at 9:00 a.m. at the offices of Fish & Richardson, P.C., 225 Franklin Street, Boston, Massachusetts 02110. The deposition will continue from day to day thereafter until completed. The deposition will be by oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and testimony. The deposition may be recorded by any means permitted under Federal Rules of Civil Procedure, including videotaping and stenographic recording.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff is obliged to designate one or more officers, directors, or managing agents, or one or more other persons who consent to testify on their behalf concerning the matters set forth in attached Appendix A. Plaintiff is requested to identify at least three business days before the deposition the name of

each designate and the topics on which the person will testify.

Dated:  July 13, 2005

By: _____
John M. Skenyon
Jolynn M. Lussier
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone:  (617) 542-5070
Facsimile:  (617) 542-8906
skenyon@fr.com
lussier@fr.com

Stacy J. Grossman
FISH & RICHARDSON P.C.
Citigroup Center - 52nd Floor
153 East 53rd Street
New York, NY 10022-4611
Telephone: 212-765-5070
Facsimile: 212-258-2291
grossman@fr.com

Attorneys for Defendant, Fiber Composites LLC

## CERTIFICATE OF SERVICE

I certify that on July 13, 2005, I caused a true and correct copy of the foregoing DEFENDANT FIBER COMPOSITES LLC'S FIRST NOTICE OF DEPOSITION OF PLAINTIFF PERFECTION FENCE CORP. PURSUANT TO FED.R.CIV.P. 30(b)(6) to be served on counsel for the Plaintiff as follows:

*Attorneys for Plaintiff Perfection Fence Corp.*        By Email and First Class Mail

Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Laura Topper, BBO # 652364
ltopper@wolfgreenfield.com
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Ave.
Boston, MA 02110
(617) 646-8000

# APPENDIX A

# DEFINITIONS AND INSTRUCTIONS

Fiber Composites LLC ("Fiber Composites") hereby incorporates by reference the definitions and instructions set forth in Fiber Composites' First Set of Interrogatories and First Set of Requests for the Production of Documents and Other Things, served on May 11, 2005.

# TOPICS FOR EXAMINATION

1. The corporate structure of Plaintiff Perfection Fence Corp. ("Perfection Fence").

2. The selection, adoption and use of the United States Trademark Registration No. 2569755 of the mark PERFECTION FENCE from 1993 to the present.

3. The prosecution of United States Trademark Registration No. 2569755 of the mark PERFECTION FENCE, including but not limited to the declarations, specimens and drawings that were filed in connection with the application.

4. The selection, adoption and use of the United States Trademark Registration No. 2569756 of the mark PERFECTION FENCE (and Design) from 1993 to the present.

5. The prosecution of United States Trademark Registration No. 2569756 of the mark PERFECTION FENCE (and Design), including but not limited to the declarations, specimens and drawings that were filed in connection with the application.

6. The selection, adoption and use of the United States Trademark Registration No. 2826042 of the mark PERFECTION from 1993 to the present.

7. The prosecution of United States Trademark Registration No. 2826042 of the mark PERFECTION FENCE, including but not limited to the declarations, specimens and drawings that were filed in connection with the application.

8. Perfection Fence's use of the trademarks FOREVER VINYL and GORILLA DECK in connection with the advertising, marketing and sale of its products.

9. Perfection Fence's selection, application to register and use of the trademark FOREVER VINYL.

10. The labeling and packaging of Perfection Fence's products.

11. The content of the www.perfectionfence.com website from 2001 to the present.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PERFECTION FENCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> FIBER COMPOSITES LLC, <br><br> Defendant. | Civil Action No. 04-12094 GAO |

## DEFENDANT FIBER COMPOSITES LLC'S SECOND NOTICE OF DEPOSITION OF PLAINTIFF PERFECTION FENCE CORP. PURSUANT TO FED.R.CIV.P. 30(b)(6)

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Fiber Composites LLC ("Fiber Composites") will take the deposition of Plaintiff Perfection Fence Corp. ("Perfection Fence") on August 24, 2005 beginning at 9:00 a.m. at the offices of Fish & Richardson, P.C., 225 Franklin Street, Boston, Massachusetts 02110. The deposition will continue from day to day thereafter until completed. The deposition will be by oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and testimony. The deposition may be recorded by any means permitted under Federal Rules of Civil Procedure, including videotaping and stenographic recording.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff is obliged to designate one or more officers, directors, or managing agents, or one or more other persons who consent to testify on their behalf concerning the matters set forth in attached Appendix A. Plaintiff is requested to identify at least three business days before the deposition the name of

each designate and the topics on which the person will testify.

Dated: July 13, 2005

By: _____
John M. Skenyon
Jolynn M. Lussier
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906
skenyon@fr.com
lussier@fr.com

Stacy J. Grossman
FISH & RICHARDSON P.C.
Citigroup Center - 52nd Floor
153 East 53rd Street
New York, NY 10022-4611
Telephone: 212-765-5070
Facsimile: 212-258-2291
grossman@fr.com

Attorneys for Defendant, Fiber Composites LLC

## CERTIFICATE OF SERVICE

I certify that on July 13, 2005, I caused a true and correct copy of the foregoing DEFENDANT FIBER COMPOSITES LLC'S SECOND NOTICE OF DEPOSITION OF PLAINTIFF PERFECTION FENCE CORP. PURSUANT TO FED.R.CIV.P. 30(b)(6) to be served on counsel for the Plaintiff as follows:

*Attorneys for Plaintiff Perfection Fence Corp.*  By Email and First Class Mail

Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Laura Topper, BBO # 652364
ltopper@wolfgreenfield.com
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Ave.
Boston, MA 02110
(617) 646-8000

_____

## APPENDIX A

## DEFINITIONS AND INSTRUCTIONS

Fiber Composites LLC ("Fiber Composites") hereby incorporates by reference the definitions and instructions set forth in Fiber Composites' First Set of Interrogatories and First Set of Requests for the Production of Documents and Other Things, served on May 11, 2005.

## TOPICS FOR EXAMINATION

1. Perfection Fence Corp.'s ("Perfection Fence") knowledge of third party use of the name PERFECTION FENCE from 1993 to the present, whether such use was as a trademark, service mark or trade name. This category includes Perfection Fence's knowledge of Perfection Fence of Waterbury, Connecticut.

2. Any complaints, protests, or objections by others to Perfection Fence based upon or relating to Perfection Fence's use of the PERFECTION or PERFECTION FENCE marks, and any agreements or contracts resolving the same.

3. Perfection Fence's knowledge of third party use of the name PERFECTION from 1993 to the present, whether such use was as a trademark, service mark or trade name.

4. Perfection Fence's knowledge of the characteristics of vinyl decking and wood composite decking.

5. The procedure for the installation of the vinyl decking sold by Perfection Fence.

6. Perfection Fence's business relationship with Homeland Vinyl.

7. Perfection Fence's removal or alteration of the GORILLA DECK trademark from products sold by Perfection Fence.

8. The channels of trade for Perfection Fence's goods and services.

9. The customers of Perfection Fence's goods and services.

10. Any media or point-of-sale advertising, press releases or sales brochures or kits for Perfection Fence and its goods and services, and the geographic reach of Perfection Fence's advertisements.

11. Any marketing efforts for Perfection Fence and its goods and services.

12. The advertising and promotional expenditures incurred in connection with the Perfection Fence Marks from 1993 to the present.

13.   The trade and consumer shows at which Perfection Fence has offered or promoted any products or services from 1993 to the present.

14.   Perfection Fence's sale of, or sales efforts for, vinyl decking from 1993 to the present.

15.   The date and circumstances regarding the first use and sale by Perfection Fence of vinyl decking bearing the PERFECTION mark.

16.   The annual sales, in units and dollars, of each product and service offered under or in connection with one or more of the Perfection Fence Marks for each year since the introduction of each product or service in the United States, including sales of such goods and services outside of Massachusetts.

17.   The facts and circumstances under which Perfection Fence first became aware of Fiber Composites' activities giving rise to the bases for its Complaint.

18.   All instances of actual or apparent confusion, mistake, or deception between Perfection Fence and Fiber Composites, or between the goods and services sold or offered by Perfection Fence on the one hand and Fiber Composites on the other, including those alleged instances of confusion, mistake, and deception set forth by Perfection Fence in its Response to Fiber Composite's First Set of Interrogatories.

19.   Any studies regarding the fame, renown and/or secondary meaning of each of the Perfection Fence Marks.

20.   Any studies, surveys or polls regarding the likelihood of confusion between Perfection Fence and/or the Perfection Fence Marks on the one hand, and Fiber Composites and/or Fiber Composites' marks on the other.

21.   Perfection Fence's success in the decking industry, including Perfection Fence's assertions that the Perfection Fence Marks are recognized as designating the source of origin of goods.

22.   Perfection Fence's assertion that the Perfection Fence Marks have acquired secondary meaning.

23.   Perfection Fence's assertion that the Perfection Fence Marks are strong marks.

24.   Perfection Fence's assertion that it has developed goodwill in the Perfection Fence Marks.

25.   Perfection Fence's assertion that it has been damaged by Fiber Composites' use of the PERFECTION, PROFECTION, and/or PROFECTION COMPOSITE DECKING marks in connection with the sale of composite decking products.

26. All effective, pending or concluded assignments, license agreements, licensing arrangements, franchise agreements or similar understanding concerning the Perfection Fence Marks.

27. All effective, pending or concluded assignments, license agreements, licensing arrangements, franchise agreements or similar understanding concerning Perfection Fence's use of other party's trademarks in connection with Perfection Fence Products, including but not limited to any agreements with Homeland Vinyl regarding the GORILLA DECK trademark.

28. The facts underlying Perfection Fence's claim that Fiber Composites use of the mark PROFECTION infringed Perfection Fence's PERFECTION and PERFECTION FENCE marks under 15 U.S.C. § 1125(a) and that therefore Perfection Fence has been damaged.

29. The facts underlying Perfection Fence's claim that Fiber Composites use of the mark PERFECTION constitutes counterfeiting under 15 U.S.C. § 1116(d) and that therefore Perfection Fence has been damaged.

30. The facts underlying Perfection Fence's claim that Fiber Composites use of the mark PERFECTION constitutes a false designation of origin under 15 U.S.C. § 1125(a) and that therefore Perfection Fence has been damaged.

31. The facts underlying Perfection Fence's claim that the perfectiondecking.com and profectiondecking.com domain names are deliberate misspellings of Perfection Fence's marks, were registered in bad faith, and constitute cybersquatting under 15 U.S.C. § 1125(d).

32. The facts underlying Perfection Fence's claim that Fiber Composites has engaged in trademark dilution and has caused an injury to Perfection Fence's business reputation in violation of Massachusetts General Laws Chapter 110B, § 12 and that therefore Perfection Fence has been damaged.

33. The facts underlying Perfection Fence's claim that Fiber Composites has engaged in willful unfair and deceptive trade practices in violation of Massachusetts General Laws Chapter 93A, § 11 and that therefore Perfection Fence has been damaged.

34. The facts underlying Perfection Fence's claim that Fiber Composites has engaged in common law unfair competition under the common law of Massachusetts and that therefore Perfection Fence has been damaged.