AO 88 (Rev. 1/94) Subpoena In a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

PERFECTION FENCE CORP.,
      Plaintiff,

v.

FIBER COMPOSITES LLC,
      Defendant.

**SUBPOENA *DUCES TECUM* IN A CIVIL CASE**

CASE NUMBER: Civil Action No. 04-12094 GAO
Judge George A. O'Toole, Jr.
U.S. District Court for the District of Massachusetts

TO:    Custodian of Records
        **Homeland Vinyl Products, Inc.**
        3300 Pinson Valley Pkwy
        Birmingham, AL 35217-0729

☐ YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

See Appendix A

| PLACE | DATE AND TIME |
|---|---|
| See Appendix A | 9:30 AM<br>June 3, 2005 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]  (Defendant) | May 13, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jolynn M. Lussier, Esq., Fish & Richardson P.C. 225 Franklin Street, Boston, Massachusetts 02110-2804
617-542-5070

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret of other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**APPENDIX A**
**to Homeland Vinyl Products, Inc.**

**Location for Production and Inspection**

The following documents shall be produced for inspection and copying, on or before June 3, 2005, at the offices of Fish & Richardson P.C., 225 Franklin Street, Boston MA 02110 or at another suitable location to be agreed upon between Homeland Vinyl Products, Inc. ("Homeland Vinyl") and Fiber composites LLC ("Fiber Composites").

**Definitions**

The term "documents" as used in this subpoena includes all writings (e.g., memos, invoices, bills of sale, PowerPoint presentations), drawings, graphs, charts, photographs, and electronic data (e.g., email communications, databases, recordings).

**Documents for Inspection and Copying**

1. All documents relating to Homeland Vinyl's sale of decking and/or deck railing products to plaintiff Perfection Fence Corp. ("Perfection Fence"). Perfection Fence filed in 2004 a trademark infringement lawsuit against Fiber Composites in the United States District Court for the District of Massachusetts, C.A. No. 04-12094 ("the Action").

2. Documents sufficient to determine on an annual basis Homeland Vinyl's sales in units and dollars of decking and/or deck railing products to Perfection Fence from the first sale of such products until the present.

3. All documents relating to the Action.

4. All documents relating to Bryan Skulsky, Wallace Archer, Michael Martin, and/or Cary Colman. (These individuals are either employees of Perfection Fence or are otherwise affiliated with Perfection Fence).

5. All documents comprising and/or relating to communications between Perfection Fence (including its counsel) on the one hand and Homeland Vinyl (including its counsel) on the other, including but not limited to all communications concerning Fiber Composites and/or its trademarks and/or its products.

6. All documents comprising and/or relating to any contracts and/or agreements between Homeland Vinyl on the one hand and Perfection Fence on the other.

7. All documents relating to and/or demonstrating all the marks that have been or are presently used in relation to Homeland Vinyl's decking and deck railing products.

8. Documents sufficient to identify all the products manufactured by or for Homeland Vinyl that have been sold and/or offered for sale with the approval of Homeland Vinyl under or in connection with the names PERFECTION and/or PERFECTION FENCE, and all documents concerning such marks.

9. All documents relating to Fiber Composites and/or its decking and/or deck railing products.

10. All studies, analyses and presentations relating to manufacturers and/or sellers of decking and/or deck railing products, including but not limited to all U.S. market analyses.

11. All studies, analyses and presentations relating to the quality of Homeland Vinyl's decking and/or deck railing products.

12. Documents sufficient to determine which retail and/or wholesale locations have sold or presently sell decking and/or deck railing products bearing the GORILLA DECK trademark, and documents sufficient to determine which such retail and/or wholesale locations are related to or otherwise associated with Perfection Fence.

13. All documents evidencing confusion, mistake or deception by any consumer as to the source of any product or service sold by Perfection Fence or Fiber Composites.

14. All documents relating to Homeland Vinyl's classes of consumers for decking and deck railing products, including its GORILLA DECK products.

15. All documents relating to Homeland Vinyl's channels of trade for decking and deck railing products, including its GORILLA DECK products.

16. Documents sufficient to show how Homeland Vinyl's decking and deck railing products are packaged and labeled, including its GORILLA DECK products.

17. With respect to any goods or services sold by, for or in association with Perfection Fence, all documents relating to the sale, advertising, marketing, promotion and packaging of such goods and services.

18. Representative samples of marketing materials relating to products sold under or in connection with the GORILLA DECK mark.

19. Representative samples of advertising materials relating to products sold under or in connection with the GORILLA DECK mark.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| FOR THE | NORTHERN DISTRICT OF | ALABAMA |
|---|---|---|

| | |
|---|---|
| PERFECTION FENCE CORP., Plaintiff, | **SUBPOENA IN A CIVIL CASE** |
| v. | CASE NUMBER: Civil Action No. 04-12094 GAO<br>Judge George A. O'Toole, Jr.<br>U.S. District Court for the District of Massachusetts |
| FIBER COMPOSITES LLC, Defendant. | |

TO:   Homeland Vinyl Products, Inc.
      3300 Pinson Valley Pkwy
      Birmingham, AL 35217-0729

☐   YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

X   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Bradley Arant Rose & White LLP, One Federal Place, 1819 Fifth Ave North, Birmingham, AL 35203-2104<br>See the attached Notice of Deposition | September 2, 2005 at 9:00 a.m. |

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at The place, date and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* (Defendant) | July 22, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jolynn M. Lussier, Esq., Fish & Richardson P.C. 225 Franklin Street, Boston, Massachusetts 02110-2804
617-542-5070

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page

---

[1]  If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
DATE                                          SIGNATURE OF SERVER

                                              _____
                                              ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret of other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PERFECTION FENCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> FIBER COMPOSITES LLC, <br><br> Defendant. | Civil Action No. 04-12094 GAO |

**DEFENDANT FIBER COMPOSITES LLC'S NOTICE OF DEPOSITION OF HOMELAND VINYL PRODUCTS INC. PURSUANT TO FED.R.CIV.P. 30(b)(6) ATTACHED TO DEPOSITION SUBPOENA**

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Fiber Composites LLC ("Fiber Composites") will take the deposition of Homeland Vinyl Products Inc. ("Homeland Vinyl") on September 2, 2005 beginning at 9:00 a.m. at the offices of Bradley Arant Rose & White LLP, One Federal Place, 1819 Fifth Ave North, Birmingham, AL 35203-2104. The deposition will continue from day to day thereafter until completed. The deposition will be by oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and testimony. The deposition may be recorded by any means permitted under Federal Rules of Civil Procedure, including videotaping and stenographic recording.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Homeland Vinyl is obliged to designate one or more officers, directors, or managing agents, or one or more other persons who consent to testify on their behalf concerning the matters set forth in attached

Appendix A. Homeland Vinyl is requested to identify at least three business days before the deposition the name of each designate and the topics on which the person will testify.

Dated: July 22, 2005

By: _____

John M. Skenyon (BBO #465,440)
skenyon@fr.com
Jolynn M. Lussier (BBO #564,636)
lussier@fr.com
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
Tel.: (617) 542-5070
Fax: (617) 542-8906

Stacy J. Grossman
FISH & RICHARDSON P.C.
Citigroup Center - 52nd Floor
153 East 53rd Street
New York, NY 10022-4611
Telephone: 212-765-5070

Michael Denniston, Esq.
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Ave North
Birmingham, AL 35203-2104
Tel: (205) 521-8244

Attorneys for Defendant, Fiber Composites LLC

2

## CERTIFICATE OF SERVICE

I certify that on July 22, 2005, I caused a true and correct copy of the foregoing DEFENDANT FIBER COMPOSITES LLC'S NOTICE OF DEPOSITION OF HOMELAND VINYL PRODUCTS INC. PURSUANT TO FED.R.CIV.P. 30(b)(6) ATTACHED TO DEPOSITION SUBPOENA to be served on counsel for the Plaintiff as follows:

*Attorneys for Plaintiff Perfection Fence Corp.*            By Email and First Class Mail

Michael A. Albert
Adam Kessel
Laura Topper
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Ave.
Boston, MA 02110

_____
Jolynn M. Lussier

3

## APPENDIX A

## TOPICS FOR EXAMINATION

1. The volume of sales of decking and/or deck railing products by Homeland Vinyl to Perfection Fence.

2. The total volume of sales of decking and/or deck railing products by Homeland Vinyl from 2003 through the present.

3. Homeland Vinyl's knowledge of the litigation between Perfection Fence Corp. and Fiber Composites LLC.

4. Homeland Vinyl's dealings with Bryan Skulsky, Wallace Archer, Michael Martin, and/or Cary Colman.

5. Homeland Vinyl's knowledge of Fiber Composites and/or its trademarks and/or its products.

6. Homeland Vinyl's business relations with Perfection Fence, including but not limited to contracts with Perfection Fence, the branding of products supplied by Homeland Vinyl to Perfection Fence, and the products sold to Perfection Fence.

7. Homeland Vinyl's trademarks used in connection with its decking and deck railing products, including but not limited to Homeland Vinyl's GORILLA DECK mark.

8. The customers of its GORILLA DECK decking and/or deck railing products from January 1, 2003 through the present..

9. All documents evidencing confusion, mistake or deception by any consumer as to the source of any product or service sold by Perfection Fence or Fiber Composites.

10. The packaging and labeling of Homeland Vinyl's decking and deck railing products.

11. The advertising and marketing of Homeland Vinyl's decking and deck railing products.

12. All documents produced by Homeland Vinyl in response to the Fiber Composites' subpoena to Homeland Vinyl.