Adam J. Kessel<br>
malbert@wolfgreenfield.com<br>
direct dial 617.646.8360

July 19, 2005

VIA EMAIL

Stacy Grossman, Esq.
Fish & Richardson P.C.
Citigroup Center - 52nd Floor
153 East 53rd Street
New York, NY 10022-4611

    Re:    Perfection Fence Corp. v. Fiber Composites, LLC
            Civil Action No.: 04-12094 GAO
            Our File No.: P0683.50001US00

Dear Stacy:

    I am writing to respond to the two 30(b)(6) deposition notices you served on Perfection on July 13, 2005. Perfection objects to these notices on several grounds, as discussed below. Further, Perfection's 30(b)(6) witness is not available on the July 26, 2005. If we can reach agreement on the proper scope of a single 30(b)(6) deposition, we will endeavor to find a mutually convenient time for that deposition.

    Fiber's attempt to get "two bites at the apple" by issuing two separate 30(b)(6) deposition notices on the same entity is improper under the Federal Rules. Pursuant to Fed. R. Civ. P. 30(a)(2)(B), "[a] party must obtain leave of court ... if ... the person to be examined already has been deposed in the case...." The First Circuit has held that this requirement applies to corporate entities as well as individuals. See Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 192-3 (1st Cir. 2001). Accordingly, Perfection objects to Fiber's second 30(b)(6) deposition notice as beyond the scope of permissible discovery. Fiber is entitled at most to a single, seven-hour 30(b)(6) deposition of Perfection.

    Several of the topics for examination in both of Fiber's deposition notices either implicate the attorney-client and work product privileges, or seek information that ultimately call for a legal conclusion. Perfection objects to Topics 3, 5, 7, and 9 from the first deposition notice and Topics 2, 17, 21-23, and 28-34 from the second deposition notice to the extent that they seek privileged information or call for a legal conclusion.

917218.1

Stacy Grossman, Esq.
July 11, 2005
Page 2

      Finally, since both deposition notices seek highly confidential business information, any deposition transcript must be treated as highly confidential and filed under seal.

      Please advise whether Fiber will agree to take a single seven-hour deposition as required by the Federal Rules and case law. We will propose alternate dates for Perfection's 30(b)(6) deposition if Fiber will limit its notice accordingly.

                            Very truly yours,

                              WOLF, GREENFIELD & SACKS, P.C.

                              /s/ Adam J. Kessel
                              Adam J. Kessel

AJK