# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Citigroup Center
153 East 53rd Street,
52nd Floor
New York, New York
10022-4611

Telephone
212 765-5070

Facsimile
212 258-2291

Web Site
www.fr.com

AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

**BY E-MAIL AND FACSIMILE**

July 21, 2005

Adam Kessel, Esq.
Wolf, Greenfield & Sacks, P.C.
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

Re:   Perfection Fence v. Fiber Composites
      Civil Action No. 04-12094 GAO

Dear Adam:

I'm writing in response to your letter and email of July 19, 2005, sent following the Scheduling Conference before Judge O'Toole in this case. The letter concerns the two Rule 30(b)(6) Notices served by Fiber Composites on July 15, 2005.

First, your deliberate decision to wait until after the conference with Judge O'Toole to send your objections to Fiber Composites' Notices has not gone unnoticed. I understand that at the July 19 conference, Judge O'Toole specifically asked the parties whether there were any other issues that the parties needed to address with him, and while Perfection Fence could have then quite easily voiced its objections to the multiple Notices, it weakly said nothing. Second, your objections to the service of multiple 30(b)(6) Notices are unfounded. In federal litigation, corporate parties are routinely served with multiple 30(b)(6) depositions, and neither the Federal Rules nor First Circuit law prohibit this practice. Third, your miscellaneous objections to the topics are inapposite. If you have objections to specific questions based on privilege grounds or some other basis, you can make them at the depositions.

As is plain from the appendices to the Notices, the topics that will be addressed at the two 30(b)(6) depositions are relevant to the disputed issues in this case and are not duplicative of one another. Therefore, there is no legitimate basis to object to them. As Perfection Fence has been served with two deposition notices, it is obliged to appear at both depositions. If you insist on maintaining that the second deposition is improper, Perfection Fence must move for a protective order before the Court.

As the First Circuit noted in the case you cited in your letter, "[t]he Supreme Court has long recognized that the Federal Rules of Civil Procedure are to be construed liberally in favor of discovery." *Ameristar Jet Charter, Inc. v. Signal Composites,*

FISH & RICHARDSON P.C.

Adam Kessel, Esq.
July 21, 2005
Page 2

*Inc.*, 244 F.3d 189, 192 (1st Cir. 2001) citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

With respect to next week's deposition of Perfection Fence, please provide alternate dates of availability. We can then coordinate a date for Perfection Fence's Rule 30(b)(6) deposition of Fiber Composites, which is noticed for July 29, 2005. That date is not acceptable to Fiber Composites.

Finally, tomorrow please send me the requested information in my July 18 letter, which concerns the adequacy of Perfection Fence's interrogatory responses and document production.

Very truly yours,

Stacy Grossman

30241130.doc