

**Wolf Greenfield**
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

Adam J. Kessel
akessel@wolfgreenfield.com
direct dial 617.646.8360

July 25, 2005

<u>VIA EMAIL AND FIRST CLASS MAIL</u>

Stacy Grossman, Esq.
Fish & Richardson P.C.
Citigroup Center - 52nd Floor
153 East 53rd Street
New York, NY 10022-4611

      Re:    Perfection Fence Corp. v. Fiber Composites, LLC
               Civil Action No.: 04-12094 GAO
               <u>Our File No.: P0683.50001US00</u>

Dear Stacy:

      I am writing to respond to your July 18 and July 21 letters, both of which deal with discovery issues.

**Depositions**

      First, to set the record straight, your suggestion that we somehow strategically waited until after the Scheduling Conference to object to Fiber's deposition notices is unfounded. Since you were not at the conference, you may not have realized that the Judge had a full docket of scheduling conferences for the session and it would not have been an appropriate time to delve into the details of any particular discovery dispute, even if one had been briefed and ripe for resolution – which in any event this one was not, since the parties have been (and are still) trying to work it out. Moreover, Local Rule 37.1 requires the parties to hold a conference prior to discovery motion practice, and we only received the notices in question three business days prior to the hearing. We remain hopeful that we can resolve the discovery process in a reasonable and orderly way without unnecessarily involving the Court and running up both parties' legal expenses.

      Second, we disagree with your analysis of the <u>Ameristar Jet Charter</u> case. That case clearly holds that multiple 30(b)(6) depositions of a single entity are not permitted without leave of court. <u>See also</u> <u>Moore's Federal Practice</u> § 30.05[1][c] ("The rule requiring leave of court to take a second deposition applies to an entity that is deposed pursuant to Rule 30(b)(6).").



Stacy Grossman, Esq.
July 25, 2005
Page 2

We intend to be cooperative in the discovery process and are optimistic that we can work out a timeline for depositions that accommodates both parties' schedules.

We accept your offer to reschedule both Perfection's and Fiber's 30(b)(6) depositions, noticed originally for July 26 and July 29 respectively.

Perfection is designating its president, Bryan Skulsky, as its 30(b)(6) witness in response to all noticed topics. There is no reason that Fiber needs to take Mr. Skulsky's deposition for 21 hours (the two 30(b)(6) notices and the individual notice). One seven-hour deposition should be more than sufficient, and is all that is permitted under the Rules. If you disagree, I suggest that we table this issue until it becomes ripe for resolution. In other words, if, after taking Mr. Skulsky's deposition for seven hours, you find that notwithstanding reasonable efforts to move things along you still have been unable to cover all the topics that your client reasonably needs to inquire into, let us discuss the matter again at that point. We will work with you in good faith, and hopefully reach an agreement on how to proceed. If that effort fails, we can let the Court resolve the issue at that time, rather than presenting the Court now with an abstract question that may not ultimately arise.

As to a date for Mr. Skulsky's deposition, we can make him available on one of the following: September 14, 15, or 20.

Please advise which dates Fiber will be available for its 30(b)(6) deposition. Additionally, please inform us who the witness(es) will be for that 30(b)(6) deposition.

Finally, Cary Coleman is no longer a Perfection employee and has left Massachusetts. Accordingly, Perfection cannot make him available pursuant to your deposition notice.

**Perfection's Interrogatory Responses**

Pursuant to your request, Perfection is in the process of preparing supplementary interrogatory responses. Perfection's supplemental responses will identify specific documents by Bates number that support its responses pursuant to Fed. R. Civ. P. 33(d).

**Perfection's Document Production**

You raised a number of concerns regarding Perfection's response to Fiber's Document Requests. In the following responses to your concerns, Perfection expressly reserves, and does not waive, all objections raised in its initial responses to Fiber's discovery requests.



Stacy Grossman, Esq.
July 25, 2005
Page 3

Document Request 4: Search reports

Perfection has produced all documents that it could locate after a reasonable search that are responsive to this document request. No documents responsive to this request are being withheld on the basis of attorney-client or other privilege.

Document Requests 6-8: Documents evidencing continuous use of the Marks

Perfection has produced representative documents that could be located after a reasonable search that demonstrate continuous use of its Marks from the dates of first use. Those dates were identified in Perfection's response to Fiber's Interrogatories Nos. 2, 3, and 4. Perfection reserves its right to supplement its production in response to this request should further documents be discovered. Perfection will, of course, produce any documents it intends to rely on.

Document Request 11: Sales price of goods

It is not true that no documents were produced responsive to this request. For example, Perfection produced numerous invoices in the Bates range PER0559-PER0586 from which the prices of goods sold under the Marks can be determined. Because Perfection customizes its products according to the requirements of each job, there is no single document from which the prices for each job can be determined. Perfection will, however, supplement its production of documents responsive to this request.

Document Request 15: Classes of consumers

It is not true that no documents were produced responsive to this request. For example, the document bearing Bates Nos. PER0544-PER0558 is a list of many of Perfection's customers. This document is clearly sufficient to determine the classes of consumers to whom Perfection's products are sold. Numerous examples of Perfection's advertising, trade show, and other marketing activities were produced, sufficient to determine the classes of Perfection's consumers. Perfection also responded to Fiber's Interrogatories Nos. 9-10 with information responsive to this request. Production of any additional documents responsive to this request would be duplicative and unduly burdensome.


Wolf Greenfield
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

Stacy Grossman, Esq.
July 25, 2005
Page 4


Document Requests 20 and 21: "Likelihood of confusion" and "fame" studies

   Perfection has produced all documents that it could locate after a reasonable search that are responsive to these document requests. No documents responsive to these requests are being withheld on the basis of attorney-client or other privilege.

Document Requests 28 and 29: Sales and volume of goods and services

   Perfection does not keep records in its ordinary course of business that reflect the volume of goods and services for each product separately. Perfection will, however, supplement its production of documents responsive to this request.

Document Request 32: Documents relating to Homeland Vinyl

   It is not true that no documents were produced responsive to this request. For example, the documents bearing Bates Nos. PER0153, PER0154, and PER0529 are all responsive to this request. Perfection has produced all documents that it could locate after a reasonable search that were responsive to this request. If you can narrow the request to more specifically identify the sorts of documents you are looking for, we are willing to conduct a further search and produce any additional non-privileged documents that are responsive to the more specific request.


                        Very truly yours,

                        WOLF, GREENFIELD & SACKS, P.C.



                        Adam J. Kessel